1546055

# United States District Court
## Northern District of Texas
Dallas Division

US MARSHALS SERVICE N/TX
DALLAS, TEXAS

2020 JAN 22 P 3: 15

UNITED STATES OF AMERICA

V.

WILLIAM VENABLE

CASE NUMBER: 3:14-CR-298-M (03)

MAG. CASE NUMBER: _____

To: The United States Marshal
and any Authorized United States Officer

## WARRANT FOR ARREST OF PROBATIONER/SUPERVISED RELEASEE

You are hereby commanded to arrest the within-named probationer/supervised releasee and bring him/her, forthwith, before the United States District Court to answer charges that he/she violated the conditions of his/her probation/supervised release imposed by the Court.

NAME OF PROBATIONER/SUPERVISED RELEASEE:

William Venable

ADDRESS (STREET, CITY, STATE):

Unknown

PROBATION/SUPERVISED RELEASE IMPOSED BY (NAME OF COURT):   DATE IMPOSED

U.S. District Court for the Northern District of Texas, Dallas Division   7/15/2015

TO BE BROUGHT BEFORE (JUDGE, NAME OF COURT, CITY, STATE):

Karen Mitchell, U.S. District Court Clerk    s/A. Lowe    1/21/2020
                                             (By) Deputy Clerk    Date

## RETURN

Warrant received and executed.   Date Received _____   Date Executed _____

Executing Agency (Name and Address)

_____

Name: _____   (By) _____   Date: _____

UNITED STATES DISTRICT COURT
for
NORTHERN DISTRICT OF TEXAS

US MARSHALS SERVICE N/TX
DALLAS, TEXAS

2020 JAN 22 P 3: 15

## Petition for Offender Under Supervision

| | |
|---|---|
| Name of Offender: | William Venable |
| Case No.: | 3:14-CR-298-M (03) |
| Name of Sentencing Judge: | Chief U.S. District Judge Barbara M. G. Lynn |
| Date of Original Sentence: | July 15, 2015 |
| Original Offense: | Conspiracy to Possess With Intent to Distribute Marijuana by Cultivating Marijuana Plants, 21 U.S.C. § 846, (21 U.S.C. § 841(a)(1) & (b)(1)(C), a Class C felony. |
| Original Sentence: | 63 months custody, 3-year term of supervised release |
| Revocations: | None |
| Detainers: | None |
| U.S. Marshals No.: | 48477-177 |
| Type of Supervision: | Supervised Release |
| Date Supervision Commenced: | February 15, 2019 |
| Assistant U.S. Attorney: | Brian Poe |
| Defense Attorney: | John M. Nicholson (Court appointed) |

### Petitioning the Court for Action for Cause as Follows:

To issue a violator's warrant.

The probation officer believes that the offender violated the following conditions:

**Previous Court Notifications**

On July 24, 2019, U.S. Probation Officer Jason Mabry (USPO Mabry) submitted a Request for Modifying the Conditions or Term of Supervision with Consent of the Offender regarding William Venable's pending case for Possess/View Matter Portraying Sexual Performance by a Minor, in Fayette County District Court, Case No. 18-F-0438, and his arrest for Public Intoxication. On August 14, 2019, Your Honor added the recommended sex offender conditions. Your Honor instructed USPO Mabry to contact the Commonwealth of Kentucky regarding the violation of Mr. Venable's bond conditions. If they did not want to revoke his bond, Your Honor requested to be notified, so that Your Honor might address the violation locally.

I.

Certified a true copy of an instrument on file in my office on _1-21-20_
Clerk, U.S. District Court,
Northern District of Texas
By _G. Dorn_ Deputy

**Violation of Mandatory Condition**

The defendant shall commit another federal, state, or local crime.

**Nature of Noncompliance**

Mr. Venable violated these conditions of supervised release when he was intoxicated in a public area to the degree that he endangered himself or others in Watauga, Texas, as evidence by his arrest for Public Intoxication, in violation of Texas Penal Code § 49.02, a Class C misdemeanor.

12C (Revised 1/19/2018)                                                                                                                    Page 1 of 5

According to Watauga, Texas Police Department Report #19W16030, on August 4, 2019, Watauga Police Officers found Mr. Venable intoxicated, and laying on a guardrail. When the officers approached Mr. Venable, he was slurring his words, along with demonstrating an unsteady balance. Based on Mr. Venable's intoxicated state, along with potentially being a danger to himself and the community, Mr. Venable was arrested. While in custody, Mr. Venable completed a breathalyzer test, which showed is alcohol level at 0.165.

II.

### Violation of Mandatory Condition

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug test thereafter, as determined by the court.

### Violation of Standard Condition No. 7

The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.

### Violation of Standard Condition No. 8

The defendant shall not frequent placed were controlled substances are illegally sold, used, distributed, or administered.

### Nature of Noncompliance

William Venable violated these conditions of supervised release by using and possessing marijuana, an illegal controlled substance, in or about November 2019. On November 26, 2019, he submitted a urine specimen to Helping Open People's Eyes (HOPE), in Fort Worth, Texas, which tested positive for marijuana. Furthermore, on December 16, 2019, Mr. Venable admitted verbally and in writing, to U.S. Probation Officer Jason Mabry (USPO Mabry) that he used marijuana on or about November 24, 2019.

Mr. Venable further violated these conditions of supervised release by using and possessing marijuana, an illegal substance, in or about December 2019. On December 6, 2019, he submitted a urine specimen to HOPE, in Fort Worth, Texas, which tested positive for marijuana. When confronted over the additional positive urine specimen, Mr. Venable denied any new use. On December 21, 2019, the national drug testing laboratory, Alere, confirmed the specimen positive for marijuana.

III.

### Violation of Special Condition

The defendant shall participate in a program (inpatient and/or outpatient) approved by the U.S. Probation Office for treatment of narcotic, drug, or alcohol dependency, which will include testing for the detection of substance use or abuse. If the defendant is receiving treatment, the defendant may not use alcohol and/or all other intoxicants at any time. The defendant shall contribute to the costs of services rendered (copayment) at a rate of at least $25 per month.

William Venable
Petition for Offender Under Supervision

### Nature of Noncompliance

Mr. Venable violated this condition of supervised release by failing to attend drug counseling sessions at HOPE, in Fort Worth, Texas, as directed on September 26, 2019, December 12, 2019, December 17, 2019, December 30, 2019.

Mr. Venable violated this condition of supervised release by failing to submit to substance abuse testing at HOPE, Fort Worth, Texas, as directed on June 6, 2019 and November 15, 2019.

## IV.

### Violation of Special Condition

The defendant shall participate in sex offender treatment services as directed by the probation officer until successfully discharged. These services may include psycho-physiological testing to monitor the defendant's compliance, treatment progress, and risk to the community. The defendant shall contribute to the costs of services rendered (copayment) at a rate of at least $15 per month.

### Nature of Noncompliance

William Venable violated this condition of supervised release by failing to attend sex offender treatment sessions at Psychotherapy Services and Yokefellows (PSY) in Fort Worth, Texas, as directed on November 5, 2019, November 27, 2019, and December 17, 2019.

### Personal History

William Venable began his term of supervised release on May 28, 2019, in the Northern District of Texas. On this day, Mr. Venable met with USPO Mabry, when the conditions of supervised release were reviewed and signed. Mr. Venable was sent for a substance abuse assessment, along with enrollment in random drug testing, at HOPE, in Fort Worth, Texas. On July 1, 2019, the vendor recommended Mr. Venable be placed in supportive outpatient treatment.

On August 5, 2019, USPO Mabry notified Commonwealth Attorney Eric Finke of Mr. Venable's arrest for Public Intoxication, which violated his bond conditions in Case No. 18-F-0438, for Possess/View Matter Portraying Sexual Performance by a Minor, in Fayette County, Kentucky. Commonwealth Attorney Eric Finke advised he would notify the presiding judge on how to proceed.

On October 1, 2019, Mr. Venable was referred for a Sex Offender Evaluation in Report at Psychotherapy Services and Yokefellows in Fort, Worth, Texas, in reference to his pending case for Possess/View Matter Portraying Sexual Performance by a Minor. As of this date, USPO Mabry has not received a treatment recommendation from Psychotherapy Services and Yokefellows.

On October 17, 2019, USPO Mabry spoke to Commonwealth Attorney Eric Finke, who advised the presiding judge did not want to revoke Mr. Venable's bond over his arrest for Public Intoxication. On January 13, 2020, USPO Mabry contacted Commonwealth Attorney Eric Finke, and notified him of the recent bond violations by Mr. Venable.

Mr. Venable is currently unemployed. Mr. Venable resides with his daughter and her boyfriend at 5301 Springlake Drive, Apt #2108, Haltom City, Texas.

## Statutory Provisions — Protect Act Supervised Release

| | |
|---|---|
| **Statutory Maximum Custody:** | 2 years. 18 U.S.C. § 3583(e)(3) |
| **Mandatory Revocation Statutes:** | Mandatory revocation for possession of a controlled substance. Sentence to a term of imprisonment. 18 U.S.C. § 3583(g)(1). |
| **Fine:** | None. |
| **Statutory Maximum for Reimposition of Supervised Release:** | 3 years, minus revocation sentence. 18 U.S.C. § 3583(h). |

According to U.S. v. Jackson, 559 F.3d 368 (5th Cir. 2009), "when an initial term of supervised release is revoked, the district court may impose a new term of supervised release as part of a revocation sentence...The maximum length of this new term is calculated as follows: 'The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.'" Jackson also notes that a district court may impose any term of supervised release that is equal to or greater than the mandatory minimum, less any term of imprisonment that was imposed upon revocation of supervised release.

## Chapter 7 Violation Computations

| | | |
|---|---|---|
| **Violation Grade:** | C | USSG § 7B1.1(a)(3) & 7B1.3(a)(2) &(c)(1), p.s. |
| **Criminal History Category:** | III | USSG §7B1.4(a), p.s. |
| **Imprisonment Range:** | 5-11 months | USSG §7B1.4(a), p.s. |
| **Fine:** | None. | USSG §7B1.3(d), p.s. |

Pursuant to U.S. v. Miller, 634 F.3d 841 (5th Cir. 2011), the Court may not consider the factors listed in 18 U.S.C. § 3553(a)(2)(A), which include "the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," when modifying or revoking a term of supervised release.

In U.S. v. Tapia, 131 S. Ct. 2382 (2011), the Supreme Court held that Section 3582(a) does not permit a sentencing court to impose or lengthen a prison term in order to foster a defendant's rehabilitation.

William Venable
Petition for Offender Under Supervision

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 15, 2020

Respectfully submitted,

*Jason Mabry*
Jason Mabry
U.S. Probation Officer
Arlington, Texas
Phone: 214-608-8001
Fax: 817-649-5954

Approved,

*Bradley Holmes*
Bradley Holmes
Supervising U.S. Probation Officer
Phone: 214-287-6993

**Order of the Court:**

☐ No action.

☑ The Issuance of a Warrant. Petition and warrant sealed and not to be distributed to counsel of record until arrest effectuated.

☐ The Issuance of a Summons

☐ Other or Additional: _____

☐ File under seal until further order of the Court.

*Barbara M. G. Lynn*
The Honorable Barbara M. G. Lynn
Chief U.S. District Judge

1/21/20
Date

Page 5 of 5